IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT C. BOLUS,<br><br>    Plaintiff,<br><br>        v.<br><br>JUDGE MICHAEL BARRASSE; ANDREW JARBOLA, D.A.; JOHN BRIER, ESQUIRE; THOMAS SCALES; LOUIS DENAPLES; DENAPLES AUTO PARTS, INC.; and KEYSTONE LANDFILL, INC.,<br><br>    Defendants. | NO. 3:07-CV-1934<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 5, 6, 15.)  For the reasons set forth below, Defendants' motions will be granted on the basis of the statute of limitations.

As this case is brought pursuant to Title 42 of the United States Code, section 1983, jurisdiction exists under section 1331 of Title 28 of the United States Code ("federal question").

**BACKGROUND**

Plaintiff Robert C. Bolus, Sr., commenced this *pro se* action by filing a civil rights complaint under the provisions of 42 U.S.C. §§ 1983 and 1985.  Defendants are Judge Michael Barrasse, employed as a Judge for the County of Lackawanna in Scranton, Pennsylvania; Andrew Jarbola, acting as the District Attorney of Lackawanna County in Scranton, Pennsylvania at the relevant time; John Brier, Esquire, acting as an attorney for

Lackawanna County in Moosic, Pennsylvania; Thomas Scales, a Pennsylvania State Police Trooper out of Dunmore, Pennsylvania; Louis DeNaples, a businessman from Dunmore, Pennsylvania; DeNaples Auto Parts, Inc., a corporation of Pennsylvania; and Keystome Sanitary Landfill, Inc., a corporation of Pennsylvania.  (Compl. ¶¶ A.2 - 7, Doc. 1.)  Plaintiff claims a conspiracy and violations of his civil rights arising from an allegedly illegal search of his commercial truck and trailer, and the prosecution of the Plaintiff arising from this search.  Plaintiff alleges that his rights were violated by the illegal search of his commercial truck and trailer, without a warrant and outside of Plaintiff's presence.  (*Id.* ¶ B.1.)  Plaintiff alleges that this set in motion a chain of events leading to his 1991 criminal trial.  (*Id.*)

In Count I, Plaintiff alleges that there were newly discovered facts concerning the illegal and improper use of an NCIC system by Defendant Scales.  (*Id.* ¶ C.1.a.)  Plaintiff further alleges that an unnamed individual gave the VIN number of Plaintiff's tractor and trailer to Defendant Scales as a personal favor, in violation of state law.  (*Id.*)  In Count II, Plaintiff alleges that he was subjected to an illegal search and seizure of his truck and trailer.  (*Id.* ¶ C.1.b.)  Plaintiff alleges that Defendant Scales orchestrated the removal of the tractor and trailer without Plaintiff's permission and had the property towed.  (*Id.*)  Plaintiff further alleges that Defendant Scales withheld vital information from the Plaintiff regarding the purchase of his loader, which would have cleared issues of legality of the sale.  (*Id.*)  In Count III, Plaintiff alleges that the use of the above information resulted in false criminal charges against the Plaintiff.  (*Id.* ¶ C.1.c.)  In Count IV, Plaintiff alleges that evidence, in the form of Plaintiff's tractor and trailer, was tainted by the release of the

2

property to an auction, before the Plaintiff was able to examine the evidence for his criminal defense.  (*Id.*)  In Count V, Plaintiff alleges that the information regarding from this illegal search and seizure resulted in the illegal use of a grand jury.  (*Id.* ¶ C.1.e.)

On December 12, 2007, Defendants Louis DeNaples, DeNaples Auto Parts, Inc., and Keystone Landfill, Inc.'s filed a motion to dismiss.  (Doc. 5.)  On December 17, 2007, Defendant Thomas Scales filed a motion to dismiss.  (Doc. 6.)  Defendants Barrasse, Jarbola, and Brier subsequently filed their motion to dismiss on January 23, 2008.  (Doc. 15.)

By Order dated January 16, 2008 (Doc. 11), this Court directed the Plaintiff to file a brief in opposition to Defendants' motions to dismiss (Docs. 5, 6) within fifteen (15) days of the date of the Order.  Plaintiff has complied.  All three motions are fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), or alleged "facts sufficient to raise a right to relief above the speculative level." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 317 (3d Cir. 2007). In light of Federal Rule of Civil Procedure 8(a)(2), specific facts are not necessary; the

statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not] be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of

establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The statute of limitations in cases arising under Section 1983 of Title 42 is generally governed by the state statute of limitations for personal injury actions.  *See City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 n.5 (2005).  Pennsylvania sets the statute of limitations for personal injuries at two (2) years.  42 PA. CONS. STAT. ANN. § 5524.

In this case, the alleged violations of the Plaintiff's civil rights arise from the seizure of Plaintiff's tractor and the criminal charges and conviction of the Plaintiff in 1991.  (Compl. ¶¶ A.3-6, B.1, Doc. 1.)  The Plaintiff alleges that there is "newly discovered" evidence in the case, which tolls his cause of action.

In *Oshiver v. Levin, Fishbein, Sedram & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994), the Third Circuit Court of Appeals held that the statute of limitations accrues when the plaintiff is aware, or should be aware, of the existence and source of the injury.  This is known as the discovery rule, permitting the accrual date of the statute of limitations to begin when the plaintiff has discovered, or by exercising reasonable diligence, should have discovered, the injury or that this injury has been caused by another party's conduct.  *Id.*  The *Oshiver* court further held that the claim accrues at the awareness of the injury itself, and not the awareness that the injury creates a legal cause of action.  *Id.*  Plaintiff in this case was clearly aware of his injury, as seen by his numerous filings

against the same Defendants, including one matter brought in federal court. *See Bolus v. DeNaples*, Civ. A. No. 3:02-CV-0291 (M.D. Pa. 2002) (Caputo, J.). The facts alleged in the previous federal case are nearly identical to the facts of the present case.

Plaintiff's claim of newly discovered evidence is insufficient to toll the statute of limitations in this case. Equitable tolling stops the statute of limitations from running when the accrual date of the claim has passed. *Oshiver*, 38 F.3d at 1387. Equitable tolling may be appropriate when: (1) the defendant actively misled the plaintiff respecting the plaintiff's cause of action, (2) the plaintiff in some extraordinary way has been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum. *Id.* (citing *Sch. Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 19-20) (3d Cir. 1981) (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978)). None of the three principles are appropriate to toll the statute of limitations in this case. Plaintiff has previously filed a case regarding the same facts. He was not misled regarding his cause of action, has not been prevented from asserting his rights, and has not mistakenly asserted his rights in the wrong forum. Plaintiff should have exercised due diligence in the investigation of the facts and law involving his injury. However, Plaintiff failed to do so and commenced an untimely action. Plaintiff's injury occurred fifteen (15) years ago, and the statute of limitations had run thirteen (13) years ago. For these reasons, Plaintiff is barred from bringing a claim against these Defendants at this time.

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' motions to dismiss. (Docs. 5, 6, 15.)  An appropriate Order follows.


| February 28, 2008 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. BOLUS,

    Plaintiff,

    v.

JUDGE MICHAEL BARRASSE;
ANDREW JARBOLA, D.A.; JOHN BRIER,
ESQUIRE; THOMAS SCALES; LOUIS
DENAPLES; DENAPLES AUTO PARTS,
INC.; and KEYSTONE LANDFILL, INC.,

    Defendants.

NO. 3:07-CV-1934

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this  28th  day of February, 2008, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (Docs. 5, 6, 15) pursuant to Federal Rule of Civil Procedure 12 are **GRANTED**.  The Clerk of Court is to mark this case **CLOSED**.


        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge